CONOCO OIL COMPANY v. FILBERT GABRIS.[1]

November 8, 1935.

No. 30,555.

[1]Reported in 263 N. W. 91.

*M. E. Culhane,* for appellant.
*Harvey O. Sargeant,* for respondent.

HILTON, JUSTICE.

Plaintiff, to which on October 20, 1933, had been assigned all the assets of the Crescent Oil Company, including the now asserted claim against the defendant, appeals from a judgment in defendant's favor.

On or about September 1, 1932, and October 17, 1932, the defendant was indebted to the Crescent Oil Company (hereinafter referred to as the oil company) for petroleum products sold and delivered. The defendant, by indorsement in blank, transferred to the oil company five promissory notes, made by the Car Transportation Company and payable to the defendant. One of these, a note for $300, was so transferred on the date first above mentioned. Becker, the only witness for plaintiff and formerly credit manager of the oil company, testified that the note and a small check of the defendant, received at the same time, were taken in payment of the amount then owing by defendant and were so credited upon the books of the oil company. The note was discounted at a bank by the oil company. No payment having been made thereon to the bank, it was returned to the oil company on September 16, 1932, on which date the defendant's account was debited with $301, the one dollar being the charge of the bank for services rendered. Becker testified that he told defendant of the charge-back. Defendant positively denied this. Later the oil company collected about one-half of the note from the maker thereof and gave defendant credit for that amount.

On October 17, 1932, the other four notes, each for $100, were, by blank indorsement, transferred to the oil company. Sneckenberg, secretary and credit manager of the oil company at that time (Becker having resigned), was a witness for defendant. He testified that these four notes were taken by the oil company, along with other items, in full payment of defendant's indebtedness to it.

Defendant's testimony was to the same effect. None of the five notes were ever presented to the defendant for payment, and they were in the possession of the oil company and its assignee until the date of the trial, November 1, 1934. Plaintiff, as assignee, sued on the original transaction for the petroleum products sold and delivered.

There was involved in this case a simple question of fact, that is, were the notes accepted by the oil company in full payment of the obligations of the defendant to it. The evidence strongly predominated in favor of the defendant. With abundant support the lower court found that the notes were transferred to and accepted by the oil company in full and complete satisfaction of defendant's indebtedness to it. Discussion in plaintiff's brief relative to the rule maintaining when assignments of notes are made as conditional payment only is not in point, for the evidence here is sufficient to sustain the findings that the notes were received as unconditional payment.

Affirmed.

